### ANDREW v. GANT et al.

No. 13732—Opinion Filed Feb. 17, 1925.

**1. Oil and Gas—Action for Partnership Interest in Lease—Failure of Evidence.**

Where the basis of plaintiff's action is, that there was an agreement between himself and four others to the effect that if the plaintiff would procure an oil and gas lease on certain lands that he should have a one-fifth interest in the lease, and he procured such lease and they proceeded to drill a well on said land, which turned out to be a big producer, and after the bringing in of said well, the plaintiff requested that his right to a one-fifth interest be recognized, but the defendants refused to recognize that he had any interest in said land and denied that they ever made any agreement that he should have an interest, and in their answer to plaintiff's petition denied that the plaintiff had any interest, held, that the burden of proof was on the plaintiff to establish by a preponderance of the evidence that he had an interest in said lease, and upon his failure to make such proof his cause of action failed.

**2. Appeal and Error—Review of Equity Case—Findings.**

Where, in an equity case, the court submits certain interrogatories to a jury and the jury answers all of said interrogatories against the plaintiff, and the court adopts the findings of the jury as its findings and renders judgment accordingly, held, that the findings of fact and conclusions and the judgment of the court not being clearly against the weight of the evidence, the same will not be disturbed by this court on appeal.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by T. H. Andrew against Walter Gant, Barney Feagin, Ed. V. Parsons, L. S. Dolman, and Shelton Tyre. There was judgment for the defendants, and plaintiff appeals. Affirmed.

The parties appear in this court as they appeared in the court below, and will be

referred to as plaintiff and defendants. This action was instituted in the district court of Stephens county on the 25th day of March, 1921, by plaintiff filing his petition in said court. Plaintiff afterwards filed an amended petition in which he alleged that during the year 1920 and prior to the 20th day of November of said year, the plaintiff and defendant Walter Gant, acting for himself and also for Barney Feagin, and the defendant Ed. V. Parson, acting for himself and also for Warren George entered into an oral agreement with the view of procuring for themselves an oil and gas lease from S. V. Thomas and wife covering the east ½ of the southeast ¼ and the northwest ¼ of the southeast ¼ of section 25, township 1 north, range 9, W. I. M. Said S. V. Thomas being the owner in fee of said land, which was the homestead of said Thomas and wife; that the defendants desired a lease on said premises, with the view of developing it for oil and gas purposes. Plaintiff alleged that in consideration of his procuring a lease on said land that he was to have one-fifth interest in the lease; that Gant acted for himself and Barney Feagin in making said deal, and that E. V. Parsons acted for himself and for Warren George. Plaintiff alleged that L. S. Dolman and Shelton Tyre had no part in the transaction involved herein and no interest in and to the oil and gas lease, but the plaintiff was informed that the said L. S. Dolman and Shelton Tyre claimed some interest, the exact nature of which plaintiff was unable to state; that pursuant to the agreement entered into between the plaintiff and said defendants, Walter Gant, Barney Feagin, Ed. V. Parsons, and Warren George, the plaintiff, between the 1st of August and November 20, made divers and sundry trips from his home in Duncan and at his own cost and expense to negotiate with the said Thomas and wife, who residing upon said land, for the purpose of procuring an oil and gas lease for same, and finally secured an agreement with the said Thomas and wife whereby an oil and gas lease was afterwards, on November 20, 1920, made, and executed for a term of five years, and as long thereafter as oil and gas was produced from said premises; that by mutual agreement of the parties in procuring said oil and gas lease, the same was taken in the name of the defendant Walter Gant for the use and benefit and in trust for the plaintiff, and the said defendant, Walter Gant, Barney Feagin, Ed. V. Parsons, and Warren George, and it was agreed and understood that this plaintiff should have an undivided one-fifth interest in and to said lease, and that said defendants were to have the remaining four-fifths interest; that said lease was executed in consideration of the sum of $1,200 to be paid to said S. V. Thomas and the further promise to begin an oil and gas well upon said premises within 90 days. Plaintiff alleges that he was, at the time said lease was procured, able and willing, and that he is now able and willing and ready to pay his proportionate share of the purchase price of said lease, and to pay his proportionate share of any and all other necessary expenses and outlays in the furtherance of the joint adventure and undertaking; that plaintiff several times tendered his share of the money, but the defendants informed him that it would not be necessary for him to advance any money, that they would sell a part of said lease for money sufficient to reimburse themselves and make drilling contracts on said land, that none of them would be required to contribute any money, that thereafter the said Walter Gant sold to the Gypsy Oil Company the leasehold interest to the northwest ¼ of the southeast ¼ of said section for a sum of money, the exact amount of which the plaintiff is unable to state, but plaintiff alleges that they received a sufficient amount to pay for said oil and gas lease and to drill a well on said premises. Plaintiff further alleges that said Walter Gant, as trustee and agent for the plaintiff and the other defendants, executed an assignment to L. R. Ash, J. B. Ash, and George N. Adams of an undivided one-eighth interest in said oil and gas lease or to that part of it described as the southeast 40 of the southwest ¼ of section 25, township 1 north, range 9 west of the Indian Meridian; that the said L. R. Ash and J. B. Ash and George Adams were then and there the owners of the oil drilling rigs and were engaged in the oil drilling business in the Duncan field, and in consideration of said assignment, and the further consideration of $3,500 they agreed to drill and did drill and complete an oil well on the 40 acres of land last named. Said oil well being brought in on the 5th day of February, 1921, with an initial production of approximately 2,000 barrels daily; that immediately after the bringing in of said well, this plaintiff demanded of the defendant Walter Gant that he convey to him his proportionate interest in and to the oil and gas lease as it affected the east ¼ of the southeast ¼ of section 25, township 1 north, range 9 W. I. M., but that Walter Gant, in violation of his fiduciary relations

and his duty to plaintiff, refused and still refuses to convey to the plaintiff said one-fifth interest or any interest whatever, and has wrongfully and willfully refused to recognize plaintiff as having any interest in said leasehold, and that the other defendants, Barney Feagin, Ed. V. Parsons, and Warren George, have ignored plaintiff's right in the premises and refused to recognize the fact that he has any interest in said leasehold. He closes his petition with a prayer that the defendant Gant, and the other defendants named, be held to hold said land in trust for this plaintiff to the extent of the one-fifth interest therein, and that this plaintiff be adjudged the owner of said interest, and that the defendant be required to convey same to him, and for settlement of all necessary and proper expenses incident to the development of said land, and all of the benefits derived either from the sale of any of said land or from production of oil or gas derived therefrom; that plaintiff be charged with his share of the proper expenses and the defendants and each of them be required to settle the interest in said property, and that there be a settlement had between the parties, and that a receiver be appointed to take charge of said property and operate the same under the order of the court. The defendants Tyre, Dolman, and Feagin filed their separate answer and allege that they were at all times during the negotiations for said lease partners with Walter Gant in oil development and in the lease in controversy; and allege that the plaintiff knew of such partnership, and was with the defendants daily and weekly, and at no time did plaintiff and said Gant contract or agree that plaintiff should have any interest in said lease mentioned, and deny that plaintiff ever contributed any money towards said lease or the development of same, and deny that plaintiff ever had any interest in said lease. The defendants E. V. Parsons and Warren George filed a joint answer setting up substantially the same facts as Barney Feagin L. S. Dolman and Shelton Tyre. On the 18th day of February, 1922, said cause went to trial before the court and a jury and resulted in a verdict for the defendants. After timely motion for a new trial, which was heard and overruled, the case has been duly appealed to this court.

A. M. Stewart, for plaintiff in error.

Sandlin & Winans, Womack, Brown & Cund, and Dolman & Dyer, for defendants in error.

Opinion by MAXEY, C. The record in this case shows that the plaintiff was working for the Duncan Furniture Company, which company was composed of Gant, Feagin, Parsons, and George and perhaps some others, and the plaintiff was an employe in the store. Gant, Feagin, Parsons, and George were also interested in some oil leases and the drilling of oil wells, and it appears that the plaintiff knew of Thomas' lease and he went to see Thomas sometime in August or September and tried to get a lease for himself, but did not succeed, and he made a second trip and tried to get a lease for himself but failed. He then mentioned the matter of the Thomas tract of land to Mr. Gant and told Gant that he thought he could get a lease on it, and he says that Gant told him to go ahead and see if he could get a lease on it, and if he got it that he would take him in and give him a one-fifth interest. He went back to see Thomas and got the promise of a lease from him. He told Thomas on this occasion that he had taken in Gant, Parsons, Feagin, and George, and that they would be able to handle it, and he discussed the terms of the lease with Thomas, and he suggested the kind of a lease he wanted, and the plaintiff returned and told Gant about what he wanted, and a few days afterwards they had Thomas and his wife come down town and, after talking it over, they executed a lease for $10 an acre bonus and the stipulation in the lease that they should commence to drill a well on it within 90 days. The lease was drawn up to Mr. Gant and soon afterwards they commenced to drill a well and brought in a well with an initial production of about 2,000 barrels daily. The matter of the plaintiff's interest in the lease had not been discussed, after the lease was obtained, up to the time that the well was brought in. The plaintiff then got active in trying to get them to make him a conveyance of a one-fifth interest, which they did not do, and he finally brought this suit to compel a conveyance to him of his interest. He claims that it was a partnership, and he was equally interested. On the trial of the case all of the defendants denied that there was any partnership agreement or any promise of any kind to give the plaintiff an interest in the lease. He was in their employ at the store and his time went on in the store while he was out negotiating the lease, and outside of plaintiff's own testimony there are only some fragmentary remarks testified to by other parties that apparently had a tendency to show that the plaintiff had some kind of an interest in the lease, but there was nothing definite about these remarks,

and that alone did not establish a partnership.

The trial court submitted certain interrogatories to the jury to answer, and they answered every one of them against the plaintiff. The court tried the case as an equity case and only treated the answers to the interrogatories as advisory, and the case, we think, is governed by the rule in equity cases, and where the findings of fact as made by the court are not clearly against the weight of the evidence, this court will not disturb such findings. In this case, the findings of fact was made by the jury in answer to the interrogatories submitted, and the court adopted these findings of the jury as the findings of the court, and based his judgment thereon, so that we are in the same position that we would have been if the court had made the findings of fact instead of the jury. Under the testimony, we are constrained to hold that the plaintiff failed to make out his case. The evidence does not support the allegations of his petition that there was an agreement to form a partnership with him a member of it. In fact, the weight of the evidence is against this contention, and we think the great weight of the evidence sustains the findings of fact made by the jury and the conclusions reached by the court. Counsel on both sides have filed elaborate briefs, but under our view of the case, the plaintiff having failed to establish that a partnership existed between him and the defendants his case fails, and we recommend that the judgment of the trial court be, in all things, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 756 (1926 Anno) (2) 4 C. J. p. 898.